UNITED STATES of America

v.

**Jhon Echeverry TRUJILLO, Appellant.**

No. 90–5245.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6), Nov. 9, 1990.

Decided Dec. 5, 1990.

Joel J. Reinfeld, Law Offices of Joel J. Reinfeld, Ridgewood, N.J., for appellant.

Michael Chertoff, U.S. Atty., Edna B. Axelrod, Glenn J. Moramarco, Asst. U.S. Attys., Newark, N.J., for appellee.

Before SLOVITER, SCIRICA and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from the sentence imposed by the district court. This court has jurisdiction under 28 U.S.C. § 1291 (1988) and 18 U.S.C. § 3742(a) (1988).

### FACTS

Defendant was indicted on two charges relating to the sale of cocaine to an undercover agent. He thereafter entered into a plea bargain with the government. He pled guilty to a charge of possession with intent to distribute just under five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). In return the government dropped a conspiracy charge.

In the plea agreement, dated November 22, 1989, the government agreed to stipulate at sentencing that defendant "clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged." The stipulation was "subject to the proviso that, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and materially in conflict with [the] stipulation ... the United States shall no longer be bound by [the] stipulation." The agreement further provided that "[a]ny determination that a stipulation is not binding shall not release the [parties] from any other portion of this Agreement."

At the November 27, 1989, plea hearing some difficulty arose in establishing sufficient grounds for the plea. Defendant claimed not to know that the bag he carried contained cocaine. He testified that he suspected the existence of drugs, but did not know for sure until the bag was opened. He stated that he removed the packages of cocaine and handed them to the undercover officer. After testimonial clarification by defendant, the court accepted the plea. Neither the court nor the parties raised any issue as to defendant's acceptance of responsibility.

Thereafter a presentence report was prepared by a probation officer and sent to defendant and the government. It suggested a two-level reduction for acceptance of responsibility, resulting in an offense level of twenty-eight.[1] Based on defendant's criminal history category, the sentencing range for a level of twenty-eight is 78–97 months.

The report states that during his interview with the probation officer defendant "openly admitted his guilt to this offense and accepted responsibility for his misconduct." The report goes on to state, however, that defendant said that it was a codefendant who removed the bag containing the drugs from the car, that he agreed to deliver the case for the codefendant in return for payment, and that he was not aware that the case contained cocaine until it was opened.

In a letter directed to the district court, defendant's counsel outlined defendant's role in the offense, substantially repeating the story provided to the probation officer. The letter also requested a reduction in offense level for minor participant status. The district court's denial of this reduction is not at issue in this appeal.

Ten days prior to sentencing the government sent the probation officer a written objection to the initial presentence report, with a copy to defense counsel. It objected to the two-level reduction, asserting that despite evidence of defendant's central role in the crime, he denied responsibility.[2] The government argued that defendant's minimization of his role, evidenced by his statements to the probation officer referred to in the presentence report, showed a denial of acceptance of responsibility.[3]

---

1. Federal Sentencing Guidelines § 3E1.1 provides for a two-level reduction in offense level if "the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct."

2. The government's evidence of defendant's central role was based on statements of two codefendants made soon after the events.

3. On appeal the government argues that in addition to the probation officer's interview, it also relied on defense counsel's letter to the district court in arguing that defendant did not accept

A few minutes prior to the sentencing hearing on March 12, 1990, defense counsel was delivered an amended presentence report. The amended report is substantially identical to the first except that it recommends that defendant not be granted the two-level reduction for acceptance of responsibility. The report recites the same version of events as was provided by defendant in the first report, but concludes that "the defendant denied any knowledge of or participation in, a conspiracy or distribution of narcotics."

While expressing surprise at the late change in the report, counsel did not object to proceeding with the sentencing hearing. He did, however, oppose the government's change of position on the issue of acceptance of responsibility:

> The problem was that initially there was a stipulation, and I realize your Honor can look behind that stipulation, that the Government and the defendant stipulated that there was affirmative acceptance of responsibility....
>
> ....
>
> At the time of the stipulation, we knew what the factual bases was [sic]. When we stood up here, we had problems making it a factual basis. We had your Honor accept the plea whereby he said he came up to the room, I fully realized what I was into when I opened the door; yes, I actively was involved in the transaction at that point.
>
> They [the government] knew it then, they knew it at the time of the plea, they knew it when they stipulated this to be affirmative acceptance of responsibility.
>
> It is unfair, and I don't mean last minute, but after the plea is all through and up to sentence time, By the way, we want to back out of this and we want to deny you the two points.
>
> I just want to note my objection procedurally for the record.

The court concluded that defendant "did not fully accept responsibility," and thus did not award the reduction. Based on the

responsibility. The government's objection letter made reference only to the probation offi-

guilty plea, however, the court sentenced him to 97 months, the lowest possible sentence for an offense level of thirty. The court made no finding as to whether the government remained bound by its stipulation. In fairness to the district court, it is not clear to us that the government even called the proviso in the stipulation to the district court's attention.

Sentence was imposed March 13, 1990, and defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues that the government's failure to abide by its stipulation constituted a breach of its plea agreement. He seeks a judgment permitting him to withdraw his plea or, alternatively, vacating his sentence.

At the outset we find this appeal difficult to resolve because the focus in the district court was not on the proviso in the stipulation. Obviously, however, the government could withdraw from the stipulation only upon a showing that would trigger the proviso. Yet, the district court made no finding as to whether in fact the government's showing released it from the terms of the stipulation covering acceptance of responsibility.

Despite the trial record, we believe the issue is whether the government carried its factual burden under the proviso. If it did not, it was not entitled, under the plea bargain, to challenge the stipulation in the sentencing proceedings. But that issue was not resolved in the district court. We think defendant was entitled to have the district court decide whether the government carried its burden.

The court appreciates that the district court, in sentencing, was not bound by the government's stipulation as to acceptance of responsibility. But that is not the issue. The issue is whether the government kept its bargain.

cer's interview, however.

We conclude that the issue of the government's right to invoke the proviso raised a factual issue for resolution by the district court before imposing sentence. Assuredly, it was not an issue for ex parte resolution by the government.

While we decline to set aside the plea, we will vacate the sentence so that an appropriate hearing can be held to determine whether the government carried its burden of invoking the proviso. It will then be for the district court to resolve the issue and sentence appropriately.